## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## AT LEXINGTON

**CIVIL ACTION NO. 11-28-DLB-REW**

**TIFFANY ANESTIS, ET AL.**                                                  **PLAINTIFFS**

**VS.**                              **MEMORANDUM OPINION AND ORDER**

**UNITED STATES OF AMERICA**                                      **DEFENDANT**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### I.    Introduction

Plaintiffs commenced this negligence action under the Federal Tort Claims Act against the United States.  According to Plaintiffs, the Department of Veterans Affairs failed to provide the decedent, Cameron Anestis, proper and appropriate medical care, thereby resulting in his suicide.

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, Alternatively, for Failure to State a Claim.  (Docs. # 89).  Upon reviewing the motion and its attendant briefing (Docs. # 111, 118), the Court ordered Plaintiffs to file a supplemental response addressing the applicability of the Veterans Judicial Review Act and the District of Columbia Circuit's decision in *Thomas v. Principi*, 394 F.3d 970 (D.C. Cir. 2005).  (Doc. # 129).  In light of the supplemental briefing (Docs. # 131, 133), Defendant's motion is hereby **granted**.

### II.    Standard for Motion to Dismiss

In *Ohio National Life Insurance Co. v. United States*, 922 F.2d 320, 325 (6th Cir.

1

1990), the Sixth Circuit laid out the procedural framework for motions brought under

Federal Rule of Civil Procedure 12(b)(1):

> Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction
> generally come in two varieties. A facial attack on the subject matter
> jurisdiction alleged by the complaint merely questions the sufficiency of the
> pleading. In reviewing such a facial attack, a trial court takes the allegations
> in the complaint as true, which is a similar safeguard employed under
> 12(b)(6) motions to dismiss. On the other hand, when a court reviews a
> complaint under a factual attack, as here, no presumptive truthfulness
> applies to the factual allegations. Such a factual attack on subject matter
> jurisdiction commonly has been referred to as a "speaking motion." When
> facts presented to the district court give rise to a factual controversy, the
> district court must therefore weigh the conflicting evidence to arrive at the
> factual predicate that subject matter jurisdiction exists or does not exist. In
> reviewing these speaking motions, a trial court has wide discretion to allow
> affidavits, documents and even a limited evidentiary hearing to resolve
> disputed jurisdictional facts.

(Citations omitted). Because Defendant herein has mounted a factual attack, the Court will

consider the deposition testimony provided by both parties.

### III.   Factual Background

Cameron Anestis was a member of the United States Marine Corps and a combat

veteran. Notwithstanding his background, the parties agree that he was deemed ineligible

for health care services by the Department of Veterans Affairs (VA) on August 12, 2009.

(Docs. # 89-1, at 4); (Doc. # 111, at 8); (Doc. # 118, at 3-5); (Doc. # 131, at 7-8); (Doc. #

133, at 3).

Nonetheless, Mr. Anestis presented to the VA facility on Leestown Road in

Lexington, Kentucky five days later. (Doc. # 88-3, at 16-18). In accord with the VA's

determination, Carol McIntosh, an in-take clerk for the mental health clinic, could not find

him as eligible for benefits and thus instructed him to visit the facility on Cooper Drive. (*Id.*

at 9, 12-13, and 39-40).

Mr. Anestis, though, was again denied treatment at Cooper Drive,[1] as he did not have a copy of his Form DD214.  (Doc. #88-12, at 107).  Tragically, he committed suicide shortly thereafter, compelling Plaintiffs to commence this negligence action.  Discovery having since been completed, Defendant has filed a litany of dispositive motions, including a request for dismissal pursuant to the Veterans Judicial Review Act.  (Docs. # 89).

## IV.    The Veterans Judicial Review Act

Defendant contends that the Act deprives this Court of jurisdiction, as it precludes district courts from reviewing benefit decisions.  The Ninth Circuit outlined the three fundamental changes to the procedures and statutes affecting review of VA decisions in *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1021-1022 (9th Cir. 2012) *cert. denied*, 133 S. Ct. 840 (2013):

> First, the VJRA placed responsibility for reviewing decisions made by VA Regional Offices and the Board of Veterans' Appeals in a new Article I court, the United States Court of Appeals for Veterans Claims.  38 U.S.C. §§ 7251, 7261.
>
> . . . .
>
> To that end, Congress conferred on the Veterans Court "exclusive jurisdiction" to review decisions of the Board of Veterans' Appeals, 38 U.S.C. § 7252(a) (emphasis added), and its powers include the authority to decide any question of law relevant to benefits proceedings, *id.* § 7261(a)(1), and "compel action of the Secretary unlawfully withheld or unreasonably delayed," *id.* § 7261(a)(2).
>
> . . . .

---

[1] In initially moving to dismiss, Defendant did not dispute Plaintiffs' assertion that Mr. Anestis presented for treatment at Cooper Drive (Doc. # 89-1, at 4 n.2), but does so now.  (Doc. # 133, at 5 n.4).  The Court, though, agrees with Plaintiffs' original position–that the pertinent facts are that he was not enrolled in the VA system and received no treatment at Cooper Drive–and thus will not resolve this factual dispute.

> Second, decisions of the Veterans Court are reviewed exclusively by the Federal Circuit, which "shall decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(a), (c), (d)(1).  Although the Federal Circuit may not review factual determinations, it may review the application of law to facts if a constitutional issue is implicated.  *Id.* § 7292(d)(2).  The decisions of the Federal Circuit are final and only "subject to review by the Supreme Court upon certiorari."  *Id.* § 7292(c).
>
> . . . .
>
> Third and finally, Congress expanded the provision precluding judicial review, formerly § 211.  Under the new provision, eventually codified at 38 U.S.C. § 511, the VA "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans."  38 U.S.C. § 511(a).

(footnotes omitted).

The Sixth Circuit's decision in *Beamon v. Brown*, 125 F.3d 965 (6th Cir. 1997) is further instructive.   In *Beamon*, the plaintiffs claimed that the VA's procedures for processing benefit claims caused unreasonable delays, thereby violating their constitutional rights.  *Id.* at 967.  However, because their constitutional challenge necessitated review of "individual claims for veterans benefits, the manner in which they were processed, and the decisions rendered by the regional office of the VA and the [Board of Veterans' Appeals]," the appellate court affirmed dismissal of this purported class action for lack of subject matter jurisdiction pursuant to the Act.  *Id.* at 970-971, 974.  In doing so, the court specifically recognized that districts courts do not acquire jurisdiction to hear challenges to benefits decisions merely because those challenges are cloaked in constitutional terms. *Id.* at 972 (citations omitted); *see also Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996) (concluding that dismissal of allegations of "conspiracy," "fraud," and "misrepresentation" pursuant to the Act was appropriate because the substance of claims,

not the labels assigned, governs jurisdictional determinations).

In this case, Plaintiffs are not bringing a constitutional challenge to any benefit decision, but rather a negligence action for allegedly failing to provide Mr. Anestis proper and appropriate medical care as follows:

(a) failure to provide Mr. Anestis emergency care regardless of his eligibility status

(b) failure to transport Mr. Anestis by ambulance or other escort from the facility on Leestown Road to the facility on Cooper Drive

(c) failure to provide Mr. Anestis treatment at the facility on Cooper Drive even though he did not have a copy of his Form DD214

(d) providing Mr. Anestis inappropriate direction and treatment

(Doc. # 131, at 12); (Doc. # 133, at 9).  There is, however, persuasive authority indicating that districts courts do not acquire jurisdiction hear challenges to benefits decisions merely because those challenges are cloaked as medical malpractice actions brought under the Federal Tort Claims Act.

## V.    The Veterans Judicial Review Act and Medical Malpractice Actions

An instructive case with respect to the interplay between the Act and medical malpractice actions is the United States Court of Appeals for the D.C. Circuit's decision in *Thomas v. Principi*, 394 F.3d 970 (D.C. Cir. 2005).  In that case, the plaintiff initially filed for mental and physical disability benefits with the VA, which the department denied without informing him that one of its doctors had diagnosed him with schizophrenia.  *Id.* at 972. Upon learning of this withholding, the plaintiff filed suit, alleging various claims.  *Id.*

Similar to *Beamon*, the D.C. Circuit indicated that the applicability of the Act depended upon "whether adjudicating [the plaintiff's] claims would require the district court

5

'to determine first whether the VA acted properly in handling his benefits request. *Id.* at 974 (citing *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000). As a result, the appellate court reversed dismissal of his allegations of "Gross Negligence, Medical Negligence, and Legal Misconduct" and "Medical Malpractice," as well as intentional infliction of emotional distress, because those claims solely depended upon whether the withholding of the diagnosis constituted a tort claim. *Id.* Conversely, the D.C. Circuit affirmed dismissal of the plaintiff's allegations that "the VA 'failed to render the appropriate medical care services that are delivered to alleviate a harmful medical condition, which is calculated to prevent, diagnose, correct, cure, alleviate, or prevent the worsening in the Plaintiff'" and that "the VA's 'continuous and persistent deprivation and denial of known needed and necessary medical care treatment . . . caused Plaintiff severe emotional distress'" because adjudication of them "would require the district court 'to determine first whether the VA acted properly' in providing [the plaintiff] benefits." *Id.* at 975 (citing *Price*, 228 F.3d at 421).

As Plaintiffs themselves acknowledge, the analytical framework set forth in *Thomas* is the logical extension of the Sixth Circuit's decision in *Beamon*. (Doc. # 131, at 9-19). The only question, then, is whether that framework compels dismissal. For reasons explained herein, the Court concludes that it does.

## VI.    Analysis

This case cannot be distinguished from the dismissal of the latter two allegations in *Thomas*. Despite their repeated contentions to the contrary, adjudicating Plaintiffs' claims would require this Court to determine whether the VA acted properly in deeming him ineligible for health care services on August 12, 2009, as that determination is inextricably linked with Defendant's four purported failures. For instance, in alleging that the VA failed

6

to provide Mr. Anestis emergency care regardless of his eligibility status, Plaintiffs assume that the VA should have provided a certain type or level of care to him.  This is no different than the plaintiff's claims that the VA failed to render "appropriate medical care services" and "necessary medical care treatment" in *Thomas* because all of these allegations are, at their core, an assault on the VA's decision to deny him a benefit.  The same logic applies to the allegations that the VA failed to transport Mr. Anestis by ambulance or other escort from Leestown Road to Cooper Drive, failed to provide him treatment at Cooper Drive even though he did not have a copy of his Form DD214, and provided him inappropriate direction and treatment.

Plaintiffs' attempt to distinguish their claims from *Thomas*–by arguing that Mr. Anestis' situation is akin to a VA doctor negligently providing a veteran treatment–is unpersuasive.  *Cf. Butler v. United States*, No. 1:10CV427, 2011 WL 5191701 (M.D.N.C. Aug. 2, 2011), adopted by No. 1:10CV427, 2011 WL 5170015 (M.D.N.C. Oct. 31, 2011) (concluding that the plaintiff's allegations of substandard pre-surgical medical care, surgical care, and post-surgical care constituted "non-benefits claims" as defined by *Thomas*).  This contention is as follows:

> [T]he VA did not simply deny benefits or treatment to Cameron.  The VA did not merely turn him away.  To the contrary, the VA first urged that he come in for mental health evaluation and treatment.  Then, when he did so, Carol McIntosh took him under her wing and "talked him down."  Then she gave him explicit directions to proceed to the Cooper Drive Emergency Department.  She told him that he would receive treatment and likely would be admitted and received medications.  She also promised that she would follow-up with him that day.  The VA therefore began to provide care and specific instructions to Cameron in response to his request for help.
>
> . . . .

> The circumstances surrounding Cameron Anestis are of the same type [as a doctor failing to follow the standard of care in treating a chest injury or leaving sponge in a patient during surgery]. Cameron appeared to the Lexington VA and requested treatment. He was received by Carol McIntosh who assessed the situation and provide him with care and specific directions. Cameron undertook to follow those directions, but later was wrongfully denied treatment at Cooper Drive. Nowhere in this chronology is there any decision by the Secretary of the VA that is being challenged.

(Doc. # 131, at 18-19).

Giving Plaintiffs the benefit of the doubt as to their factual summary, none of these actions, either individually or collectively, are comparable to a doctor providing negligent treatment.[2] This is especially true considering that Plaintiffs have set forth no evidence that either Carol McIntosh or Barbara Slater, whom they are presumably referring to in asserting that "the VA first urged that he come in for mental health evaluation and treatment," are healthcare providers. In fact, they refer to McIntosh as an "in-take clerk" and Slater as a "program manager" in their supplemental briefing. (Doc. # 131, at 3).

Because this case cannot be distinguished from the latter two allegations in *Thomas*, the Court agrees with Defendant that it is without jurisdiction. One additional matter, though, deserves further comment.

### VII.    Plaintiffs' Motion to Strike

In support of their motion, Defendants attached declarations from Tony A. Guagliardo (Doc. # 89-2) and Kristin J. Cunningham (Doc. # 89-9). Plaintiffs subsequently filed a Motion to Strike Declarations Tendered by Defendant (Doc. # 102), arguing that those declarations should not be considered because the VA had not previously identified

---

[2] Defendant takes issue with Plaintiffs' interpretation of various testimony and reliance upon an interview of Carol McIntosh. (Doc. # 133, at 3 n. 2, at 4 n. 3, and 16 n. 15). However, the Court's conclusion–that Plaintiffs' analogy is unpersuasive–obviates these concerns.

the declarants.  Plaintiffs now renew that request, contending that, if stricken, Defendant's motion lacks the necessary factual support.  (Doc. # 131, at 2).

Plaintiffs' motion need not be addressed, as the Court was able to resolve Defendant's motion without relying upon either document.  Admittedly, Defendant pointed to the Guagliardo declaration in asserting that Mr. Anestis was deemed ineligible for health care services by the VA on August 12, 2009.  (Doc. #89-1, at 4); (#89-2, at 6).  However, Plaintiffs have indicated that they do not dispute that the decedent had been deemed ineligible for such services.  (Doc. # 111, at 8).  In fact, in their supplemental briefing Plaintiffs themselves twice note that the VA changed his status to "Rejected; Below Enrollment Group Threshold."  (Doc. # 131, at 7-8).  The Court thus considers this to be an undisputed fact and cannot identify any other potential issues with respect to the declarations, rendering the motion moot.

### VIII.   Conclusion

For the reasons stated herein, this Court does not have jurisdiction over Plaintiffs' claims.[3]  Accordingly,

**IT IS ORDERED as follows:**

(1)    Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, Alternatively, for Failure to State a Claim (Docs. # 89) is **GRANTED**;

(2)    Plaintiffs' construed claims are **DISMISSED WITHOUT PREJUDICE** in favor of the United States Court of Appeals for Veterans Claims;

---

[3] The Court need not address the other proffered grounds for dismissal, including the discretionary function exception, in light of the Court's conclusion that it lacks subject matter jurisdiction over Plaintiffs' claims.

9

(3)     All other pending motions, including Plaintiffs' Motion to Strike Declarations

          Tendered by Defendant (Doc. # 102), are **DENIED AS MOOT**; and

(4)     This matter is hereby **STRICKEN** from the docket of the Court.

This 3rd day of June, 2013.



Signed By:

*David L. Bunning*

United States District Judge

G:\DATA\Opinions\Lexington\11-28 Memorandum Order.wpd