UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

|  |  |  |
|---|---|---|
| TIFFANY ANESTIS, Individually, in her capacity as Administratrix of the Estate of Cameron Anestis, and in her capacity as Mother and Next Friend of I.A., an Infant, | ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 5:11-CV-28-DLB-REW |
| v. | ) ) ) | RECOMMENDED DISPOSITION AND ORDER |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court addresses two motions: (1) Plaintiff's motion to approve settlement (DE #219) and (2) Plaintiff's motion to appoint a guardian ad litem and renewed motion to approve settlement (DE #225). Movant seeks an order (per DE #219, as updated at DE #223), essentially leading to disposition of the case by seeking approval of a binding stipulation that will result ultimately in dismissal with prejudice. As such, the Court treats DE #219 as dispositive. After reviewing the recent filings and entire record, conducting the precipitating mediation, and thoroughly discussing the issues with the parties in a telephonic conference, the Court **RECOMMENDS** as follows:

(1)     The Court **RECOMMENDS** that the District Court **APPROVE** the proposed settlement as substantively fair and in the best interests of the minor.  The Court already has found the settlement proper, fair, and just. *See* DE #222 (Minute Entry Order) ("The Court **FINDS** that the proposed settlement . . . [is] fair, appropriate, and reasonable given the history of the case, the claims at issue, and the hard-fought nature of both the

underlying merits and the settlement in particular (keeping in mind associated litigation and trial risks).”); *id.* (“[T]he Court **FINDS** that the minor’s interest has been and is well represented and protected and that the proposed settlement is . . . in the minor’s best interests.”).

(2)     The Court **RECOMMENDS** that the District Court **APPROVE** the proposed distribution allocation percentages as fully fair and proper. The Estate claim predominated in terms of value and risk, with the minor’s claim second and the surviving spouse’s logically third. The fractions are reasonable and reflective of the case facts and allegations within this tragic tale. *See id.* (“The Court **FINDS** that the proposed . . . funds allocation percentages are fair, appropriate, and reasonable[.]”).

(3)     The Court **RECOMMENDS** that the District Court **APPROVE** the claimed expenses as actually and reasonably incurred and properly documented by counsel. *See* DE #224; 28 U.S.C. § 2678; *Meyers v. United States*, No. 6:13-CV-1555-Orl-41TBS, 2014 WL 5038585, at *5 (M.D. Fla. Sept. 29, 2014) (approving 25% attorney fee “out of [Plaintiff’s] recovery”) (Report and Recommendation adopted in *id.* at *1); *Ickert v. United States*, No. 5:07-CV-119, 2009 WL 249375, at *4 (W.D.N.C. 2009) (approving no more than 25% attorney fee “from the settlement amount” and stating, “Plaintiffs’ attorney is also entitled to recover any advanced costs.”). Counsel substantiated and verified the expenses, which are reasonable given the duration, scope, difficulty, and complexity of the case.

The Court’s only concerns remain with 1) the mechanics of cloaking Ms. Anestis with authority to settle finally I.A.’s claims and 2) proper protection of I.A.’s interests. The Court addressed state guardian appointment, and established proper appointment as a

settlement approval predicate, in the January 16 telephonic conference. *See* DE #222. ("Ms. Anestis must be appointed as guardian or conservator before having settlement authority over the minor's interest (at least an interest over $10,000, as is the case here)." (citing *Branham v. Stewart*, 307 S.W.3d 94, 98 (Ky. 2010))). On January 21, 2015, Plaintiff's counsel informed defense counsel and the Court via email that "Tiffany and the minor, IA, no longer reside in Kentucky[.]" Ms. Anestis and I.A. are now, by counsel's representation, residents of Georgia. This presents additional complications related to proper guardianship appointment. Attempting to avoid those complications, Plaintiff moves the Court to appoint Ms. Anestis as guardian (or guardian ad litem) of I.A. directly. DE #225.[1]

The Court is not convinced this is a correct (or a preferable) avenue for two reasons. First, unlike state courts, this Court simply does not have a long-term monitoring mechanism to ensure that Ms. Anestis would fulfill her guardian duties until I.A. reaches age 18 and protect I.A.'s long-term interests. This in no way questions Ms. Anestis's fidelity, but state systems (at least the relevant ones) require long-term accounting and provide oversight of minor estates of this dimension to guard against dissipation or improper use of minor funds. The concern is universal, not specific to this scenario. The United States stridently insists that this Court dismiss the case and not retain jurisdiction, which further heightens a need for an established state-court role.

Second, use of a guardian ad litem appointment in the face of well-developed state law mechanics is problematic as a matter of actual authority to settle. *Reo v. U.S.*

---

[1] The United States responded that it does not oppose the Court appointing Ms. Anestis as guardian of I.A. directly. DE #226. The United States agrees that the Court should approve the settlement. *Id.*

*Postal Serv.*, 98 F.3d 73, 77 (3d Cir. 1996) ("[S]tate law governs whether an individual has the legal authority to bind a claimant to an administrative settlement under the FTCA."); *see, e.g.*, *Fontanez v. United States*, 24 F. Supp. 3d 408, 411 (D.N.J. 2014) ("New Jersey tort law . . . applies."). The approval order includes a finding of settlement authority. If Kentucky law applies (and that, of course, has defined the underlying liability, per 28 U.S.C. § 2674), a guardian must be in place as the Court already discussed. *See* DE #222 ("Ms. Anestis needs [guardianship] authority under Kentucky law as a predicate to settlement[.]"); *Branham*, 307 S.W.3d at 98 & 95 n.4.

The guardian ad litem mechanism would offer I.A. no enduring protection because (1) as stated, the Court has no framework for long-term oversight, and (2) the parties have settled on terms that include the United States affirmatively demanding no continuing District Court jurisdiction in the case. Importantly, "an appointed guardian ad litem does not replace a general guardian for all purposes, but is appointed as a representative of the court to act for the minor in the cause, with authority to engage counsel, file suit, and to prosecute, control and direct the litigation." *Noe v. True*, 507 F.2d 9, 12 (6th Cir. 1974). Making Tiffany Anestis—already acting as mother and next friend—a guardian ad litem would not appreciably change the status of the case.

Fed. R. Civ. P. 17[2] does not envision the precise circumstance presented here— where appointment of a guardian or conservator may be necessary for settlement under state law, and absent any present perceived adversity between parent and child.[3] Rule 17

---

[2] "A minor . . . may sue by a next friend or by a guardian ad litem. The Court must appoint a guardian ad litem . . . to protect a minor . . . who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).

[3] Here, I.A. is suing by a next friend, Ms. Anestis. I.A. is not "unrepresented in an action" so as to require additional Court protection at this stage.

simply does not, by its language, contemplate appointment of a statutory guardian for purposes of settlement. Likewise, the Court perceives no need to protect I.A. *from* Ms. Anestis. DE #222 ("[T]he Court sees alignment between Ms. Anestis's interests and I.A.'s interests."); *see Meyers*, 2014 WL 5038585, at *3 (refusing to appoint guardian ad litem due to lack of conflict between parent and child); *Robidoux v. Rosengren*, 638 F.3d 1177, 1181-82 (9th Cir. 2011) (directing lower court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor");[4] *Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989); *Hoffert v. Gen. Motors Corp.*, 656 F.2d 161, 162 (5th Cir. 1981) (appointment of guardian ad litem is appropriate when "the question of how to apportion the settlement proceeds between the father and the son created a potential conflict of interest"). Here, as the Court stated, it "sees alignment between Ms. Anestis's interests and I.A.'s interests" and finds the proposed distribution allocation percentages fully fair. DE #222.

The Court is not inclined to resort to its inherent authority or Rule 17 to create a mechanism that is silent on the critical topic of prospective minor protection. Appointment of a Rule 17 guardian ad litem, in these circumstances, is not adequate or warranted. State procedures readily exist for these very purposes. The Court certainly is sensitive to the strong bilateral incentive for conclusion. Still, the need for protection and certain authority justifies appropriate steps.

Thus, the District Court **should approve and sign** the tendered approval order, DE #223-1, but the District Court **should** indicate separately that prior to entry of any final dismissal order, Ms. Anestis must demonstrate appropriate appointment as

---

[4] Here, the Court already has so determined. DE #222. As the Court stated, the proposed settlement is substantively worthy of approval. *Id.*

conservator under Georgia law or alternatively as guardian under Kentucky law. Under Georgia law, it appears that a natural parent would have authority to settle but could not receive funds of this value without securing appointment as a conservator. Ga. Code §§ 29-3-1 ("The natural guardian of a minor may not receive the personal property of the minor until the natural guardian becomes the legally qualified conservator of the minor," if the property is more than $15,000.00.); 29-3-3 (Gross settlement of minor's claim, indicating natural guardian may settle with approval in pending court); *see also* KRS 387.185(1)(a); KRS 387.200. The determination of how to appropriately navigate these remaining obstacles is Ms. Anestis's (with counsel) to make. However, the District Court should require an appropriate state appointment before entering the ultimate dismissal with prejudice. Appropriate appointment would not only conclusively supply the predicate state-based authority but also would establish the prospective fund management and oversight required as a protection of I.A.'s long-term interests. Of course, the District Court likewise should require that Ms. Anestis fully comply with her duties under any such state appointment.

For these reasons, the Court **DENIES** DE #225 to the extent it requests appointment of a guardian ad litem and **RECOMMENDS** that the District Court **APPROVE** DE #219 (by using the corrected order at DE #223) and **GRANT** DE #225 to the extent it renews the request for approval of settlement, with the above caveat regarding the final dismissal order. Upon tender of the final dismissal order, along with proof of Ms. Anestis securing proper appointment, the case would be submitted to the District Court for final dismissal with prejudice and no retained jurisdiction.

*     *     *     *     *

The Court issues this Recommended Disposition[5] under 28 U.S.C. § 636(b)(1)(B) and pursuant to the District Court's referral. The parties should consult the statute and Fed. R. Civ. P. 72(b) for specific appeal rights and mechanics. To expedite resolution of the matter, **within five (5) days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 28th day of January, 2015.



Signed By:

*Robert E. Wier*

**United States Magistrate Judge**

---

[5] To the extent this Order resolves a non-dispositive pretrial matter (DE #225), the Court issues it under 28 U.S.C. § 636(b)(1)(A). The Court likewise shortens the objection deadline to **within five (5) days** of the date of issuance of this Order. Any party objecting should consult the statute and Federal Rule of Civil Procedure 72(a) concerning its right of and the mechanics for reconsideration before the District Court. Failure to object waives a party's right to review.