# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 5:11-cv-00028- DLB-REW      ELECTRONICALLY FILED

TIFFANY ANESTIS, Individually, and as
Administratrix of the ESTATE OF
CAMERON ANESTIS, deceased, and as
Mother and Next Friend of I.A., an infant,      PLAINTIFFS,

v.

UNITED STATES OF AMERICA,      DEFENDANT.

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

It is hereby stipulated by and between the undersigned Plaintiffs (meaning any person, other than the defendant and the parties' attorneys, signing this agreement waiving and releasing claims, whether or not a party to this civil action), and the Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively, "the parties," by and through their respective attorneys, as follows:

1. The parties to this Stipulation For Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

2. This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the Plaintiffs. This settlement is entered into by

1

Anestis Stipulation for Compromise
Settlement and Release (December 23, 2014)

all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

    3. In consideration for the Plaintiffs' acceptance of the terms and conditions of the settlement and this Stipulation, the United States agrees to pay the cash sum of **One Million Six Hundred Thousand Dollars ($1,600,000.00)** (hereinafter Settlement Amount) as follows:

    a. Within three business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) the Social Security numbers or tax identification numbers of Plaintiffs and their attorneys; (3) court Order approving the settlement on behalf of the Estate of Cameron Anestis, deceased, and Isabelle Anestis, a minor; and (4) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will send a formal request to the United States Department of the Treasury requesting that a check ("hereinafter "Settlement Check") in the amount of One Million Six Hundred Thousand Dollars ($1,600,000.00), which shall be made payable to Tiffany Anestis, the Estate of Cameron Anestis, and Isabelle Anestis, a minor, shall be delivered to the Torts Branch, Civil Division, United States Department of Justice, to hold until Plaintiffs have obtained an Order from the United States District Court for the Eastern District of Kentucky dismissing this action in its entirety with prejudice, with each party to bear its own costs, expenses, and fees, and expressly not retaining jurisdiction over the above-captioned action, this settlement, or the United States. Upon entry of said Order, the United States will tender said check to Plaintiffs' attorney.

    b. With respect to the payment of the Settlement Amount, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Settlement Amount into a qualified settlement fund or an equivalent fund or account. Plaintiffs further stipulate and agree that they, their attorney(s), any Guardian Ad Litem, and their representatives

2

(including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Settlement Amount in any way, form, or manner, including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent. However, nothing in this paragraph 3.b shall preclude the Plaintiffs from purchasing standard, non-structured settlement annuities after the Plaintiffs have cashed the Settlement Check, but they agree that they will not represent to any person, entity, or agency that they are purchasing structured settlement annuities and they agree they will not attempt to purchase such structured settlement annuities.

    c. Plaintiffs agree to endorse the Settlement Check over to their attorney to be deposited in their attorney's client trust account to facilitate the disbursement of the Settlement Amount, as authorized by the approving court.

    d. The parties agree that any attorneys' fees owed by the Plaintiffs in their Federal Tort Claims Act suit against the United States shall not exceed twenty-five percent (25%) of the Settlement Amount. 28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses of this action against the United States and their costs, expenses, and fees (including all fees of any attorney Guardian Ad Litem) associated with obtaining court approval of this settlement on behalf of the Estate and the minor Plaintiff, shall be paid out of the Settlement Amount and not in addition thereto. The Plaintiffs agree to pay all the costs, expenses, and Guardian Ad Litem fees associated with obtaining court approval of the settlement on behalf of the minor Plaintiff. The parties agree that any fees, including fees of any attorney Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

    e. The Plaintiffs stipulate and agree that they are legally responsible for any and all past,

3

present, and future liens or claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid, and Medicare, arising from the injuries that are the subject matter of this action. The Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity. The Plaintiffs and their attorney represent that, as of the date they sign this Stipulation, they have made a diligent search and effort to determine the identity of any individual or entity that has or may have a lien or a claim for payment or reimbursement arising from the injuries that are the subject matter of this action. The Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by the Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder or Plaintiff has waived and released such lien or claim. The evidence required by the terms of this paragraph may be satisfied by a letter from Plaintiffs' attorney representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder or Plaintiff has waived and released such lien and claim.

4. Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns hereby accept the terms and conditions of the settlement, including the payment of the Settlement Amount set forth above in paragraph 3 in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, or damage to property, and the consequences thereof, which the Plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States on account of the subject matter of that gave rise to the above-

captioned action. However, notwithstanding any provision in this Agreement, Plaintiffs do not release any claims or rights to survival or survivor benefits to which Plaintiffs are now or may become entitled to receive as a result of their status as the surviving wife and daughter of Cameron Anestis.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

5. This compromise settlement is specifically subject to each of the following conditions:

a. The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in this Stipulation.

b. The parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The parties must agree to the terms, conditions, and requirements of this Stipulation before the United States will seek settlement authority from the Attorney General or the Attorney General's designee.

c. Plaintiffs must obtain, at their expense, approval of the settlement by a court of competent jurisdiction on behalf of the Estate of Cameron Anestis and Isabelle Anestis, a minor. The terms of any such Order, which shall be provided by the United States, are a condition of this settlement. Plaintiffs agree to obtain such approval in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event Plaintiffs fail to obtain such court approval, the entire Stipulation and the compromise settlement are null and void. The Plaintiffs must obtain such court Order before the United States will seek settlement authority from the Attorney General or the Attorney General's designee.

d. Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the subject matter of the above-captioned action. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by the Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor. Before the United States will seek settlement authority from the Attorney General or the Attorney General's designee, the Plaintiffs must provide the United States with either (i) all such releases and waivers required by this paragraph 5.e., or (ii) a written representation by Plaintiffs' attorney stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of the Plaintiffs' records and files, the Plaintiffs and their attorney are unaware of any such potential tortfeasor.

f. In the event there are any currently known liens or any known claims for payment or reimbursement, including any liens or claims by Medicaid (including the State of Kentucky) or Medicare, arising out of the subject matter that gave rise to the above-captioned action, whether disputed as legally valid or not, Plaintiffs must obtain a release and waiver from any State, private entity, or private individual who claims to have such lien or claim. For purposes of this Stipulation, such lien or claim includes but is not limited to, a claim or cause of action for reimbursement for any payments made to or on behalf of the Plaintiffs or a claim or cause of action for reimbursement for any goods or services provided or furnished to or on behalf of the Plaintiff. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by the Plaintiffs in obtaining a Release and Waiver from any State, private entity, or private individual who claims to have such lien or claim. Before the United States will seek settlement authority from the Attorney General or the Attorney General's designee, the Plaintiffs must provide the United States with either (i) all such releases and waivers required by this paragraph 5.f., or (ii) a written representation by Plaintiffs' attorney stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of the Plaintiffs' records and files, no such liens or claims are currently known to exist.

g. The United States District Court for the Eastern District of Kentucky must dismiss this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above-captioned action, this settlement, or the United States.

7

Anestis Stipulation for Compromise
Settlement and Release (December 23, 2014)

6. The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

7. Any and all individual taxation consequences as a result of this Stipulation are the sole and exclusive responsibility of the Plaintiffs. Defendant does not warrant any representation of any tax consequences of this Stipulation. Nothing contained herein shall constitute a waiver by Plaintiffs of any right to challenge any tax consequences of this Stipulation.

8. Plaintiffs represent that they have read, reviewed and understand this Stipulation, and that they are fully authorized to enter into the terms and conditions of this agreement and that they agree to be bound thereby. Plaintiffs further acknowledge that they enter into this Stipulation freely and voluntarily. Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this Stipulation with their attorney, who has explained the documents to Plaintiffs and that Plaintiffs understand all of the terms and conditions of this Stipulation.

9. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

**WHEREAS,** the parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

Executed this _____ day of _____, 2014.

UNITED STATES OF AMERICA

BY: _____
     Sabrina Underwood
     Trial Attorney
     United States Department of Justice, Civil Division, Torts Branch
     Attorney for the United States of America

Executed this _____ day of _____, 2014.

GRASCH LAW, P.S.C.

BY: _____
    Albert F. Grasch, Jr.
    Attorney for Plaintiffs

Executed this _____ day of _____, 2014.

ISABELLE ANESTIS, A MINOR


BY: _____
    Tiffany Anestis
    Natural Parent and Next Friend of
    Isabelle Anestis, a minor

11

Executed this _____ day of _____, 2014.

ESTATE OF CAMERON ANESTIS


BY: _____
     Tiffany Anestis
     Administratrix of the Estate of Cameron Anestis

Executed this ___31st___ day of ___Dec___, 2014.

TIFFANY ANESTIS, INDIVIDUALLY

BY: _____
Tiffany Anestis, Individually